IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WEATHERFORD,

    Plaintiff,

v.

SHERIFF JAMES CARNES, et al.,

    Defendants.

Case No. 2:09-cv-581
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court on the Motion of the Franklin County Defendants for Summary Judgment ("Defendants' Motion for Summary Judgment") (Doc. # 15), Plaintiff's Responsive Pleading to Defendant(s)' Motion for Summary Judgment (Doc. # 17), Plaintiff's Relief from Judgment or Order ("Plaintiff's Motion") (Doc. # 24), and Defendants' Motion to Stay Discovery (Doc. # 31). For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment, **DENIES** Plaintiff's Motion, and **DENIES as MOOT** Defendants' Motion to Stay Discovery.

**I. Background**

Plaintiff originally filed this action in the United States District Court for the Southern District of Ohio, Western Division, on July 8, 2009. That court severed the claims related to incidents that allegedly occurred in Franklin County from those that allegedly occurred in Hamilton County and transferred the former to this Court. (Doc. # 5.) The defendants in this action are the Franklin County Sheriff, unnamed Deputy Sheriff Correctional Officers, unnamed Medical Screening Officers, and the Board of Commissioners of Franklin County, Ohio.

1

Plaintiff, a former inmate at the Franklin County Corrections Centers I and II, filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") alleging claims for unconstitutional denial of medical care and unconstitutional denial of access to the courts while he was incarcerated by Franklin County between October 20, 2008 and October 22, 2008. On October 22, 2008, Plaintiff was transferred to the Hamilton County Justice Center where he remained until his eventual release from custody.

In the complaint, Plaintiff alleges that he suffers from multiple sclerosis, cancer, collapsed cervical discs, and spinal stenosis. Plaintiff was at a doctor's appointment on October 20, 2008, when he was arrested and taken into custody and transported to the Franklin County Jail. Plaintiff alleges that while he was in the Franklin County Jail, he was denied medical treatment despite his serious medical needs. Plaintiff avers that, as a result of the lack of medical care, he suffered severe panic attacks, heart irregularities, vomiting, sweating, and chills.

Magistrate Judge Norah McCann King performed the initial screen of Plaintiff's complaint, as required by 28 U.S.C. § 1915(e). In a Report and Recommendation issued on July 10, 2009, Magistrate Judge King recommended that the complaint proceed only on the claim of denial of medical care and that the claim for denial of access to the courts be dismissed. (Doc. # 6.) No objections were filed to that Report and Recommendation and this Court adopted and affirmed it on August 6, 2009. (Doc. # 9.)

Defendants have moved for summary judgment on Plaintiff's remaining claim and for a stay of discovery. Plaintiff has moved for relief from this Court's Order adopting the Report and Recommendation issued in this action.

After Defendants filed their motion for summary judgment, Plaintiff filed a motion to

amend the complaint so that he could increase the amount of damages claimed.  That motion was granted and an amended complaint (Doc. # 29) and an amended answer (Doc. # 30) were subsequently filed.

## II.  Plaintiff's Motion

Plaintiff moves this Court to grant him relief under Rule 60 of the Federal Rules of Civil Procedure from its Order that adopted and affirmed Magistrate Judge King's Report and Recommendation that dismissed Plaintiff's claim for relief for alleged unconstitutional denial of access to the courts.

### A.  Standard

Plaintiff invokes Federal Rule of Civil Procedure 60, which provides for relief from judgment is certain circumstances:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

To grant or deny a motion for relief from judgment under Rule 60(b) is within the sound discretion of the trial court.  *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted).  "'The general purpose of Rule 60(b) . . . is to strike a proper balance

3

between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).

**B. Analysis**

In the Report and Recommendation filed on August 6, 2009, the Magistrate Judge recommended that Plaintiff's claims of denial of access to the Courts be dismissed "because plaintiff has wholly failed to even allege that any of the actions of the Franklin County defendants caused prejudice to plaintiff's litigation. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)." (Doc. # 6 at 1.) Magistrate Judge King properly gave notice to the parties of their ability to seek review by the undersigned judge within ten days. No objections were filed. Consequently, this Court adopted and affirmed the Report and Recommendation. Plaintiff now seeks relief from that Order under Rule 60 of the Federal Rules of Civil Procedure. However, there is no basis under Rule 60 upon which to provide Plaintiff relief from the Report and Recommendation. Indeed, that opinion is well-reasoned and correct.

Accordingly, the Court **DENIES** Plaintiff's Motion.

**III. Defendants' Motions**

Defendants move for summary judgment on all Plaintiff's claims for relief and for a stay of discovery pending disposition of that motion.

**A. Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). In making this determination, the evidence must be viewed in the light most favorable to the non-

moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Id.* at 251.

**B. Analysis**

Defendants contend that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies as is required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In opposition, Plaintiff argues that the administrative remedies were not available to him because Defendants refused to give him access to the grievance procedure available at the jail. The Court however, finds it unnecessary to determine whether Plaintiff exhausted his available administrative remedies because, even if he had so exhausted his claims cannot survive Defendants' Motion for Summary Judgment.

Plaintiff brings this action under Section 1983. To prevail on a claim under Section 1983, a plaintiff must establish the violation of a right secured by the federal Constitution or laws and must also establish that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); 42 U.S.C. § 1983. Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff's claim implicates the Eighth Amendment to the United States Constitution. "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff can show such indifference when prison staff intentionally denies or delays access to medical care or when prison doctors fail to respond appropriately to the prisoner's needs. *Estelle*, 429 U.S. at 104. However, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants present evidence[1] showing that Plaintiff was given a health services screening upon entering the jail. Plaintiff was categorized as a "chronic/medical intake" and transferred to the medical wing of the jail. Plaintiff was placed on a three hour constant watch. There are documents for each of two days, October 20 and 21, 2008, of three hour medical constant watch procedure where Plaintiff was observed and records written and kept every ten minutes for: "awake/asleep, location, behavior, eating, fluids, toileting, medication." (Doc. # 15-5 at 6-8.) The United States Court of Appeals for the Sixth Circuit has explained that prisoners do not have a "constitutional right to adequate medical care," noting that if that were the case, simple

---

[1]The Court notes that Plaintiff filed a document titled "Judicial Notice" to purportedly inform the Court that a document that Defendants submit as evidence shows that Plaintiff signed it on a particular date and that he had not in fact signed the document on that date. (Doc. # 25.) The Court, however, has not relied upon that document to support its conclusion here, and therefore, finds it unnecessary to address Plaintiff's accusations of fraud by Defendants.

medical malpractice would meet the standard of failure to give "adequate" or "necessary" care. *Williams v. Mehra*, 186 F.3d 685, 691 n.2 (6th Cir. 1999) (*en banc*). Moreover, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (citing *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976)).

Plaintiff received medical care, he is simply unsatisfied with the care. That unsatisfaction, however, does not state a constitutional violation. The Court concludes after viewing all of the evidence before it in the light most favorable to Plaintiff, that Plaintiff has failed to show that there is any issue of material fact as to whether Defendants were so deliberately indifferent to his serious medical needs as to unnecessarily and wantonly inflict pain. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment.

Because of this conclusion, Defendants' Motion to Stay Discovery is rendered moot and shall be **DENIED** as such.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. # 15), **DENIES** Plaintiff's Motion (Doc. # 24), and **DENIES as MOOT** Defendants' Motion to Stay Discovery (Doc. # 31). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE